WILLIAM A. CAHIR *et al. vs.* ALBERT J. LAMARRE *et al.*
SAME *vs.* SAME.

ISAAC MOSES *vs.* SAME.
SAME *vs.* SAME.

OCTOBER 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. These separate petitions for mandamus and for *certiorari* were brought against the respondents, as they constitute the state board of elections, by the petitioners Cahir et al., as the duly nominated candidates of the Citizens' Independent Party, and by the petitioner Moses, as the duly nominated candidate of the Good Government Party, for certain offices to be voted upon at the election to be held in the city of Providence on November 5, 1946.

The two petitions for *certiorari* are substantially similar and the petitioners thereby seek to quash the alleged ruling and action of the respondent board whereby the respective political parties of the petitioners were denied the use of master levers, so called, in the voting machines at the top of their columns, although such levers were to be given to other candidates for the same offices on the city tickets of the Democrat and Republican parties.

The pertinent record of the respondent board has been certified to us as if the writ of *certiorari* had been issued. This record is not disputed. It shows no ruling or action taken by the respondent board whereby that board specifically denied the request of the candidates of the Citizens' Independent Party, or of the candidate of the Good Government party, for the use of a master lever in the voting machines to be used at the election in the city of Providence on November 5, 1946. It is not denied that the respondent board's duty to set up the voting machines under the law cannot be fulfilled until the secretary of state has delivered to it a diagram of the face of the voting machines and of the ballot labels to be inserted therein. Such diagram and ballot labels have not as yet been finally prepared and delivered by the secretary of state to the board.

Upon this record, therefore, there has been no pertinent and specific ruling or action of the board that is contrary to law. These petitions for *certiorari* are therefore prematurely brought and solely for that reason they are denied and dismissed.

The two petitions for mandamus seek to have the respondent board ordered to give to the petitioners, as candidates of their political parties, the right to have the use of master levers at the top of their columns on the voting machines to the same extent that the respondent board gives such levers to the corresponding candidates of the Democrat and Republican parties for the same offices. These petitions are based apparently on the apprehension that the respondent board will refuse such levers to the petitioners because the Citi-

zens' Independent Party and the Good Government party had not nominated a full slate of candidates for each office that was to be voted upon at the election to be held on November 5, 1946.

In the case of *Cahir et al.* v. *Cote, Secretary of State,* M. P. No. 859, wherein our opinion was filed this date, 72 R. I. 188, we held that a political party, otherwise complying with the law in making its nominations of candidates for office, was entitled to the same general equality of treatment, so far as reasonably practicable, as that which was to be accorded to other political parties appearing on the ballot labels in the voting machines. We also held in substance that a political party, qualifying as such under the law, had the legal right to nominate candidates for some or all of the offices to be voted upon in the election, and that its action in duly nominating a candidate for mayor of a city, without also having made any nominations for councilmen in some or all wards, did not deprive such party of the right to receive the same general treatment from the secretary of state, so far as was reasonably practicable, as given by him to the other political parties in making up the diagram and ballot labels for use in the voting machines.

In view of the findings that were made on the undisputed facts in the *Cahir* case, *supra,* and the *Moses* case, 72 R. I. 196, we shall not assume that the board of elections will refuse to perform its duty under the law, when it receives the diagram and ballot labels to be prepared by the secretary of state in accordance with our order. Nor shall we assume that the respondents will specifically deny to either of the petitioners' political parties the right to the use of a master lever at the top of its column to enable a voter to cast a straight party vote by one operation, if that facility is practicable and is given to any other political party appearing on the ballot labels in the voting machines.

Under the circumstances we are of the opinion that these petitions for mandamus are prematurely brought and, solely for that reason, such petitions are denied and dismissed.

196

*George Roche,* for petitioners Cahir *et al.; Isadore S. Horenstein,* for petitioner Moses.

*John H. Nolan,* Atty. G., *J. Frederick Murphy,* Asst. Atty. G., *William J. Counihan, Jr.,* for respondent.